IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristy Ann Martinez, ) | C/A No. 0:14-797-DCN-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C). The plaintiff, Kristy Ann Martinez, brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

### SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the ALJ to consider, in sequence:

    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform her past relevant work; and

    (5)    whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 416.920(h).



**ADMINISTRATIVE PROCEEDINGS**

In January 2011, Martinez applied for SSI, alleging disability beginning January 1, 2007. Martinez's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on August 3, 2012 at which Martinez, who was represented by John B. Duggan, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on December 10, 2012 denying benefits and concluding that Martinez was not disabled. (Tr. 56-92.)

Martinez was born in 1976 and was thirty-four years old at the time her application was filed. (Tr. 200.) She has a high school education and past relevant work experience as a cashier and a waitress. (Tr. 227.) Martinez alleged disability due to depression, anxiety, bipolar disorder, heart problems, kidney problems, and high blood pressure. (Tr. 226.)

In applying the five-step sequential process, the ALJ found that Martinez had not engaged in substantial gainful activity since January 31, 2011—the date her application was filed. The ALJ also determined that Martinez's Postural Orthostatic Tachycardia Syndrome ("POTS"), Chiari Malformation status post surgery, depression, anxiety, and bipolar II disorder were severe impairments. However, the ALJ found that Martinez did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Martinez retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant could lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently; sit for six hours out of an eight-hour workday; stand or walk up to two hours out of an eight-hour workday; never climb ladders, ropes, and scaffolds; occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl; and never reach overhead



> bilaterally. The claimant should avoid concentrated exposure to workplace hazards, such as unprotected heights and dangerous machinery. The claimant could concentrate, persist, and work at pace to perform simple, routine, repetitive tasks at standard vocational levels one or two for two-hour periods in an eight-hour workday. The claimant could occasionally interact with the public and interact appropriately with coworkers and supervisors in a stable, routine setting.

(Tr. 62-63.) The ALJ found that Martinez did not have any past relevant work and that, considering Martinez's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Martinez could perform. Therefore, the ALJ found that Martinez had not been under a disability since January 31, 2011—the date the application was filed.

Martinez submitted additional evidence to the Appeals Council, which denied her request for review on January 17, 2014, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d



at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## ISSUES

Martinez raises the following issues for this judicial review:

1. Did the Administrative Law Judge commit reversible error by considering Mrs. Martinez's impairments separately but not the total impact which her combination of impairments had upon her ability to engage in substantial, gainful work activity on a regular and sustained basis? []

2. Did the Appeals Council commit reversible error by failing to properly consider and review upon its merits the additional new evidence submitted to it? []

3. Is the unfavorable decision of the defendant supported by substantial evidence? []

(Pl.'s Br., ECF No. 16.)

## DISCUSSION

**A.     Combination of Impairments**

First, Martinez generally argues that the ALJ erred in failing to consider her impairments in combination.  When a claimant has more than one impairment, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to be the basis of eligibility under the law.  20 C.F.R. § 416.923. Further, in Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit explained:



> [A] failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award. It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effect[] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them. . . . As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.

Id. at 49-50 (internal citations omitted).

Martinez argues that although she suffered from a combination of impairments, the ALJ only considered them in isolation. Martinez contends that the ALJ failed to assess the combined effects, or detail the resulting combined physical and mental limitations, from all her impairments when considered together. Martinez also argues that the ALJ "extracted evidence from the medical record while ignoring the record taken as a whole." (Pl.'s Br. at 17, ECF No. 16 at 17.) Contrary to Martinez's arguments, the court finds that during the course of the ALJ's thirty-seven page, single-spaced opinion, the ALJ sufficiently discussed Martinez's alleged impairments and limitations to demonstrate that he considered her impairments in combination. For example, the ALJ observed that Martinez's obesity must be considered with her other impairments. Although the ALJ found Martinez's obesity to be a nonsevere impairment, the ALJ considered the combined effect of it on her other severe and nonsevere impairments and stated that "by limiting the claimant to less than the full range of sedentary work, the residual functional capacity addresses any aggravating effects of obesity." (Tr. 58-59.) The ALJ also stated that Martinez "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." (Tr. 59.) The ALJ observed that Martinez testified that "her most limiting conditions were both her mental status and her physical health" and proceeded to discuss them. (Tr.

PJG

63.) The ALJ also stated that "[i]n terms of the alleged POTS, Chiari Malformation, depression, anxiety, and bipolar II disorder, I have limited the claimant to less than the full range of sedentary work with additional postural, manipulative, environmental, and mental limitations." (Tr. 65.) In analyzing Martinez's residual functional capacity, the ALJ also discussed Martinez's medical records at length, including physical and mental findings and diagnostic images and testing results, and addressed conflicts in the records. (Tr. 65-86.)

Moreover, even assuming Martinez is correct and the ALJ's statements throughout the lengthy opinion are not sufficient, Martinez has failed to explain how more discussion or explanation by the ALJ regarding the combined effects of her alleged impairments would change the outcome of this case.² See, e.g., Brown v. Astrue, C/A No. 0:10-1584-RBH, 2012 WL 3716792, at *6 (D.S.C. Aug. 28, 2012) ("If the Commissioner's analysis is fragmentized, it is, of course, the Plaintiff's task to adequately show the Court that the Commissioner's decision could have been different had he done an adequate combined effect analysis of his multiple impairments."). Although Martinez may believe that additional limitations were warranted, she fails to specify them or detail any basis for them.³ Accordingly, based on a review of the decision as a whole, Martinez has failed to demonstrate that the ALJ failed to consider adequately her combined impairments and has not

---

² As indicated above, it is the plaintiff's burden to present evidence that her impairments meet or equal a Listing. Kellough v. Heckler, 785 F.2d 1147, 1152 (4th Cir. 1986). Further, "[i]t is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's [residual functional capacity]." Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); see also Dollars v. Colvin, No. 5:14-CV-00048-FDW, 2014 WL 6666510, at *3 (W.D.N.C. Nov. 24, 2014) ("It is the claimant's burden, however, to establish his RFC by demonstrating how his impairment impacts his functioning.") (citing 20 C.F.R. §§ 404.1512(c), 416.912(c)).

³ To the extent that Martinez relies on the additional evidence submitted to the Appeals Council, for the reasons discussed below, Martinez has failed to demonstrate any error by the Appeals Council in its consideration of these records.



explained how the outcome would have differed with additional discussion; therefore, remand is not warranted on this basis. See, e.g., Glockner v. Astrue, C/A No. 0:11-955-CMC-PJG, 2012 WL 4092618, at *5 (D.S.C. Sept. 17, 2012) (finding that the ALJ sufficiently discussed the plaintiff's alleged impairments and limitations to demonstrate that he considered the plaintiff's impairments in combination and observing that the plaintiff neither cited an impairment ignored by the ALJ nor offered any explanation as to how more discussion or explanation may have changed the outcome in the case).

**B.     Appeals Council**

As explained by Martinez in her brief, her second issue stems from the fact that after the ALJ's decision, Martinez submitted new opinion evidence to the Appeals Council. Part of this evidence consisted of treatment records from Dr. Rebecca Holdren of Pain Management Associates from August 7, 2012 through December 10, 2012 (Tr. 530-544) and treatment records from North Hills Medical Center from February 22, 2012 through November 24, 2012 (Tr. 545-574), which the Appeals Council admitted into the record and considered. (Tr. 1-2, 5.) However, the Appeals Council summarily stated that it found that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2.) The remainder of the additional evidence consisted of treatment and testing records from North Hills Medical Center from January 23, 2013 through May 2, 2013 (which also contained treatment records from Greer Mental Health Clinic from January 7, 2013 through September 27, 2013) (Tr. 8-27) and treatment records from Dr. Holdren from January 22, 2013 through May 21, 2013, including a Clinical Assessment of Pain and physical functional capacity evaluation (Tr. 29-51). With regard to this evidence, the Appeals Council stated that it looked at the records; however, "[t]he Administrative Law Judge decided your case through



December 10, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 10, 2012." (Tr. 2.)

The law provides that evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review " 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.' " Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. When a claimant seeks to present new evidence to the Appeals Council, he is not required to show good cause for failing to present the evidence earlier. Id. at 96 n.3; cf. 20 C.F.R. § 404.970(b).

Furthermore, the United States Court of Appeals for the Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011). In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*)). If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council,



the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Meyer Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

According to Martinez, the new evidence warrants remand for further consideration by the ALJ under controlling law. Martinez's arguments appear to focus on evidence that was contained within the group of evidence that the Appeals Council found related to a later time and therefore did not affect the ALJ's determination. Specifically, Martinez argues that this evidence included a South Carolina Department of Social Services physician's statement form completed by Martinez's treating primary care physician, Dr. Paul B. Skinner of North Hills Medical Clinic, on May 2, 2013 indicating that Martinez was totally disabled (Tr. 8-9), as well as a Clinical Assessment of Pain and a Medical Assessment of Ability to do Work-Related Activities (Physical) completed by Dr. Holdren on May 23, 2013, indicating functional limitations inconsistent with the ALJ's residual functional capacity analysis that Dr. Holdren indicated on a check-the-box form have existed since at least 2007 (Tr. 29-34).

As stated above, the ALJ found that this evidence was new information about a later time. Martinez argues that the evidence relates to the severity of her impairments before the ALJ's decision. Martinez appears to support her position in part by arguing that this evidence is from sources that treated her before the ALJ's decision. The court observes that while Martinez had previously received treatment from North Hills Medical Clinic, Martinez has failed to point to any evidence that Dr. Skinner personally treated Martinez prior to the date of the ALJ's decision; in fact, the first mention by the parties of treatment by Dr. Skinner is January 15, 2013. Moreover, Dr.



Skinner's opinion was issued in May 2013. The court also notes that Dr. Skinner's opinion simply indicates by checking two boxes that Martinez was "unable to work or participate in activities to prepare for work" and that her disability was permanent. (Tr. 8.) Dr. Skinner states that the diagnoses of the impairments causing her disability are Chiari Malformation, Syringomyelia, and bulging discs in the back and states that Martinez has "neurological problems causing recurrent headaches, balance problems, visual problems, weakness [with] paresthesias in limbs etc." (Tr. 9.) However, the issue of whether a claimant is disabled or unable to work is reserved to the Commissioner and opinions by medical sources on that point are not entitled to special significance. See 20 C.F.R. § 416.927(d).

With regard to Dr. Holdren's opinions, as pointed out by the Commissioner, they were issued approximately five months after the ALJ's December 2012 decision and following a "sudden acute pain in [Martinez's] low back" after bending down to pick up a book bag in February 2013 and after which she required a cane. (Tr. 10; see also Tr. 29-34.) Additionally, while Dr. Holdren checked a box indicating that Martinez's limitations began on January 1, 2007, Dr. Holdren first treated Martinez in August 2012, which was approximately five and a half years later, and only two of those visits were during the relevant time period and before Martinez's additional allegations of back pain.

Therefore, the court finds that Martinez has failed to demonstrate that the Appeals Council's decision with regard to the opinions of Dr. Holdren and Dr. Skinner was erroneous or otherwise unsupported.

Furthermore, to the extent that Martinez argues that any of the evidence submitted to the Appeals Council warrants remand because it shows that Martinez's November 2011 brain surgery



was not successful and required a second brain surgery in October 2012, the record before the ALJ reflected a second brain surgery (Tr. 133-34, 527-29) and the ALJ's decision reflects that he considered it in evaluating her application. (Tr. 72.)

Based on the foregoing, the court finds that remand is not warranted for further consideration of the additional evidence submitted to the Appeals Council.

**C.     Other Arguments**

Finally, Martinez generally argues that the ALJ's decision and his finding that Martinez could perform sedentary work with additional restrictions are unsupported by substantial evidence. In support of this argument, Martinez predominately relies on the evidence from Dr. Holdren and Dr. Skinner; however, as discussed above, Martinez failed to demonstrate that the Appeals Council erred in finding that this information is about a later time. Martinez also points to selective objective medical evidence and her subjective complaints. Finally, Martinez cites a May 2012 note from Dr. Michael Rosner, her neurosurgeon, indicating that Martinez "most likely will be offered surgical intervention" and "has been advised to remain out of work until further notice, if she is ever able to return to the workforce." (Tr. 501.) Upon review of the ALJ's decision, the parties' briefs, and the record in this matter, the court concludes that Martinez has failed to demonstrate that the ALJ's evaluation of the medical evidence, her subjective complaints, or Dr. Rosner's opinion (and subsequent reliance on the vocational expert's testimony) is unsupported by substantial evidence or controlled by an error of law. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance" and stating that the court may not "undertake to re-weigh conflicting



evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1973) (indicating that regardless of whether the court agrees or disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence); see also Craig, 76 F.3d at 594-95 (explaining the two-step process for the consideration of subjective complaints); 20 C.F.R. § 416.929(c)(3) (listing the relevant factors for evaluating subjective complaints); § 416.927(c) (listing factors to consider in weighing medical opinions).

## RECOMMENDATION

For the foregoing reasons, the court finds that Martinez has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

February 27, 2015      Paige J. Gossett
Columbia, South Carolina      UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).